154 MIDDLESEX.

Huntington *v.* Proprietors of Locks and Canals on Merrimack River.

## ELISHA HUNTINGTON *vs.* PROPRIETORS OF LOCKS AND CANALS ON MERRIMACK RIVER.

A laying out, by the proprietors of a canal, of a public landing place on its bank, pursuant to a statute, does not deprive them of the title in the land, or of the right to surround it with a wall on all sides except towards the canal, leaving a gate to be kept open at all seasons when the canal is navigable.

BILL IN EQUITY by the mayor of Lowell, being an inhabitant thereof, to restrain the Proprietors of the Locks and Canals on Merrimack River, (incorporated by *St.* 1792, *c.* 13,) from inclosing with a wall the Lower Free Landing Place, so called, by the side of their canal in Lowell, which had been laid out by them in 1835 on their own land, according to the provision of *St.* 1835, *c.* 132, § 2, requiring them to " construct and maintain two free landing places, the one above and the other below the Swamp Locks, to be approved by the selectmen of the town of Lowell;" and accepted in 1837 by the mayor and aldermen of Lowell, which had meanwhile become a city; and since used by the city, its inhabitants and other persons, for the landing of merchandise and for other purposes; and from which a public street thirty feet wide had been laid out, leading to Market Street, one of the principal streets in Lowell

Huntington v. Proprietors of Locks and Canals on Merrimack River.

Answer, that the fee in this landing place had remained in the defendants, subject to the rights of those persons only who might lawfully land merchandise from the canal, or place merchandise thereon for transportation on the canal; that the defendants had not dedicated or appropriated the land to any other purpose, and had always endeavored to keep it open for those purposes; that the street leading to Market Street was sufficient for the accommodation of all persons having occasion for those purposes to visit or enter upon the landing place; that the defendants had begun the erection of a wall, eighteen inches thick and four feet high, on those sides of the landing place not abutting on the canal, intending thus to inclose all those sides except opposite the end of that street, and there to erect a gate, to be kept closed at those seasons of the year when the canal and the Merrimack River were closed with ice and not navigable, and to be kept open at other seasons; and that their object in so doing was to preserve the landing place for its appropriate use, and also to prevent the city, the public and individuals, from acquiring any rights therein by a continuous, unauthorized and wrongful use for other purposes, and to protect their own rights as owners of the landing place; and that such wall was suitable for these objects, and would not hinder or obstruct any lawful use or access to the landing place through that street.

The parties stated a case, in which the truth of the facts above alleged was admitted.

R. B. Caverly, for the plaintiff.

S. A. Brown, for the defendants.

BY THE COURT. The dedication of the place in question for a public landing left the title, subject to that easement, in the defendants, with the right to the use, possession and control of the property in any mode not inconsistent with its use for a landing place. That public easement will not be affected by inclosing the landing place on all sides except towards the canal, leaving a convenient access at all seasons when the canal is navigable. The acts complained of will not encroach upon the rights of the public, or be in any other respect a nuisance.

*Bill dismissed.*